Holt et al. *v.* Bacon et al.

DAVID HOLT et al. *v.* JOHN BACON et al.

The cashier of a bank has no authority to transfer judgments in favor of the bank, or dispose of its property. His authority in this respect extends only to negotiable instruments.

The president and directors of a bank are the only persons who could legally make the transfer; and when the cashier acts as their agent, it should appear in evidence.

In error from the southern district chancery court at Natchez; Hon. James M. Smiley, vice-chancellor.

This suit was founded on a bill exhibited in the southern district chancery court, by Bacon and others, the defendants in error, alleging that the Planters Bank had recovered judgment in the circuit court of Wilkinson county, the 3d May, 1839, for

$3,568, besides costs of suit, against the plaintiffs in error, Holt and others, and one Joseph Johnson, deceased. That a forthcoming bond with John S. Holt, surety, was given and forfeited; and on 4th April, 1840, it became a judgment; that the Planters Bank, in March, 1842, transferred said judgment to defendants in error; that the Planters Bank has been judicially ousted of its charter, and the corporation dissolved, and praying a decree against the plaintiffs in error for the amount of the judgment and interest.

The answers of the plaintiffs in error deny notice of the transfer, and insist, that if made, it was in violation of the statute of 1840, prohibiting the banks from assigning their assets; and that the defendants in error took no title by the assignment and claim; if they are liable at all it is only for the specie value of the paper of the Planters Bank, at the time of transfer, or at the time suit was brought.

There was also a demurrer to the bill, which was overruled. The proof in the record shows that the Planters Bank notes were depreciated 50 per cent. The deposition of Joseph L. Roberts proves, that the judgment was transferred in the mode he describes to the witness as the agent of the trustees of the United States Bank, but does not disclose who the trustees are.

The vice-chancellor sustained the bill of complaint, and the plaintiffs in error prayed a writ of error to this court.

*H. M. Simrall,* for appellants, made the following points in argument: —

The complainants have shown no title to the debt; bank directors can indorse their claims, or empower an attorney to do so for them. *Northampton Bank* v. *Pepoon,* 11 Mass. 292.

Cashier of a bank has no implied authority to indorse for the bank. *Hartford Bank* v. *Barry,* 17 Mass. 97.

The implied power of cashier to indorse negotiable securities is conceded. *Fleckner* v. *U. S. Bank,* 8 Wheat. 360.

A cashier has no implied authority to accept bills drawn on the bank. *Pendleton* v. *Kentucky Bank,* 1 Monroe, 180.

A cashier may transfer notes in this State. *Harper* v. *Calhoun,* 7 How. 215; *Crocker & Harper* v. *Young & Berry,* 1 S. & M. 247.

The general duties and power of a cashier discussed as conferred and required. *State* v. *Com. Bank of Manchester,* 6 S. & M. 236. At page 238, it is clearly intimated that he cannot sell property.

The limit of his authority is to negotiate negotiable securities. Angell & Ames, Corp. 245.

Beneficiaries of the trust are necessary parties to a suit. 1 Dan. Ch. Pr. 267.

For general rule as to parties. Story, Eq. Plea. 236, § 207.

Exception when parties are numerous. Ib. 237, 238.

In a bill by mortgagee to foreclose mortgage all the beneficiaries are necessary parties. Ib. 233, § 201. *Malin* v. *Malin,* 2 Johns. Ch. 239.

No matter as to nature of interest, whether vested, contingent, or remote. Story, Eq. Pl. 173, § 137.

As to character of title by equitable assignment; assignee takes subject to all equities. *Webster* v. *Wise,* 1 Paige, Ch. Rep. 320; 4 Randolph, 445–447; *Bennington* v. *Booth,* 16 Verm. 360; *Robson & Allen* v. *Ben. & Man. Banking Co.* 7 S. & M. 734.

There is no difference between a transfer by the party and a transfer by law. *Riggs, use, &c.,* v. *Dyche,* 2 S. &. M. 614; *Union Bank, Louisiana,* v. *Elliott, Morris & Co.,* 6 Gill. & Johns. 371; *United States* v. *Robertson,* 5 Peters, 660; *Planters Bank* v. *Sharp et al.,* 6 How. U. S. Rep. 340–342.

Review of cases supposed to conflict with this right to pay in bank notes or their value, &c. *Com. Bank of Columbus* v. *Thompson,* 7 S. & M. 447, 448, decides, that a failure to plead waives the statute; and judgment in favor of assignees fixes the rights of parties. *Planters Bank* v. *Sharp et al.,* 4 S. & M. 29.

Sharkey, C. J., says, assignment made after suit brought, is only an assignment of proceeds of the suits. Indorsee cannot make himself plaintiff in suit, nor can he say the right of

48 *

the recovery is his right to make satisfaction in a particular way.

Bank bound to take its notes after judgment. *Abbott* v. *Agricultural Bank,* 11 S. & M. 407.

Courts will judicially know the state of bank currency. 4 Mass. 245; 5 Cowen, 186.

*G. S. Yerger* for appellees, argued the case orally, but filed no brief in the papers from which an abstract of his points made can be obtained.

Mr. Justice FISHER delivered the opinion of the court.

The appellees filed their bill in the vice-chancery court at Natchez, alleging, that the president, directors, and company of the Planters Bank of the State of Mississippi transferred to the said complainants a certain judgment recovered against the said appellants in the circuit court of Wilkinson county in favor of said bank.

The answer in effect denies the transfer, and calls for proof of the same.

The testimony shows, that the transfer was made by the cashier of a branch of said bank, at Woodville, Mississippi. The witness says, that the cashier made out a list of certain judgments, among which was the one now in controversy, and handed it to the witness as the agent of the complainants. This list was intended by the cashier as a transfer of the judgment.

The question here arises, whether this proof sustains the allegation of the bill, that the judgment was transferred by the president, directors, and company of the bank.

*Primâ facie*, the cashier of a bank has no authority to transfer judgments in its favor, or to dispose of its property. His authority, in this respect, extends only to negotiable instruments. The president and directors were the only persons who could legally make the transfer. If the cashier acted as their agent in the matter, this fact ought to have been shown in evidence.

Decree reversed, and bill dismissed.